Mr. Karas in the room. The next case is number 05-3357, Thomas against the Social Security Administration. Please proceed, Mr. Karas. Please proceed. Good morning, and may it please the Court. To go straight to the heart of the matter, the proposal to remove submitted by Sally Edwards for the removal of Maude Thomas from her position simply lacks sufficient evidentiary documentation to satisfy the preponderance of the evidence standard in the Chapter 75 action, not regarding the burden of persuasion in terms of the arguments made before the administrative judge, but in clear terms of burden of production. There is nothing in the record in the four corners of the proposal to remove other than self-serving memoranda generated by the proposing official. In contrast to that, there's also no evidence in the record demonstrating that the agency was harmed at all in terms of its efficiency, which is also a component required, I believe, in the evidentiary submission for a Chapter 75 action. In terms of some of the allegations made by the official Sally Edwards, they seem to be specific charges also directed at performance of Ms. Thomas, and that would implicate Chapter 43, that although the service has the right in Lufshan to seek the removal or demotion of an individual based on Chapter 75, action only, if you are going to implicate performance evaluations, you can't do it in a way that doesn't end around the performance requirements of Chapter 43, and the MSPB has spoken to that in Bolling versus the Department of the Army. So that is essentially the nut and bolts of our argument in terms of the evidentiary proffer that the burden of production was never met. And thank you, Mr. Mr. Mickel. Good morning, Your Honors. May it please the court. It's our contention that the decision of the MSPB sustaining the demotion of Ms. Thomas from a supervisory opinion was clearly a misdemeanor. It was clearly supported by substantial evidence. Judge Butler, to state, to reply to Ms. Thomas' counsel point that there's no evidence that the efficiency of this service was affected. That's simply not the case. Judge Butler testified at the hearing and said that he felt that this performance actually had a negative impact on his organization because Ms. Thomas was the senior person in that organization responsible for the supervision of that organization. And we believe the information in the PAP, as well as the performance enhancement plan, clearly demonstrated that she was given numerous opportunities to improve, was provided a mentor, and simply had trouble identifying critical issues and ensuring that tasks were completed in a timely fashion. What about Mr. Akaris' argument that all of the testimony was self-serving by their supervisor? Self-serving testimony by her supervisor. Does that make a difference? Well, it doesn't make a difference in this case, Your Honor, because we would disagree with that statement. It's true that in the record, it's replete with information where there's documentary evidence by Ms. Edwards to Ms. Thomas specifically stating, we asked you to do task X. You did not do that. But there's no evidence in the record that supports that Ms. Thomas actually said, I didn't do that. And more importantly, at the hearing, the administrative judge specifically found, after listening to all the testimony, that the general pronouncements by Ms. Thomas, that in fact she did complete tasks, versus the specific allegations set forth by Mr. Smith, the attorney, and Ms. Edwards, were more credible. And those should be given deference. And we believe the rest of our argument is sufficiently covered in our brief subject to your questions. Okay. Thank you, Mr.  Mr. Karras, do you have a rebuttal to any points made by Mr. Mikkel? I would like to rebut since I'm more understanding of the agency's position now. We submitted the joint appendix, which identifies the evidence that was in the proposal to remove. We're just now on rebuttal. There's no new issues. Correct. But it's going to the issue raised by counsel of there was sufficient evidence in the record, and that evidence was brought for credibility determinations before the administrative judge. I submit that that's not possible, because once the burden of production is not met on the standard of, by a preponderance of the evidence under Chapter 75 action, there is no relevance. There's no issue regarding credibility, because it should not have gone to that stage. It's what's in the four corners of the proposal to remove. Any arguments that may touch and concern what's in the proposal to remove still do not correct the utter deficiency of putting forth sufficient documentation to show that there's a failure on the part of the employee in federal service. For example, counsel here represents, yes, we said there were arguments, there were representations, which are self-serving. There's no way around that. Where is a simple email from, for example, your superior telling you, look, we're running late on this project. Are you going to get it done? It's on your back. We're talking for a period of time from March 1, 2001, or March 18, 2001, to January 2003. And we had the PAP and the PEP in place from January 2002 until the date of demotion. Clearly, if you go through the record, you will see that the PAP and the PEP were not really intended for rehabilitative purposes, but were directed at finding everything negative and contrary to the work of the individual in question here. Ms. Thomas. Now, Mr. Cass, you're raising some new issues, which Mr. Mickel isn't going to have a chance to respond to. So please limit your remarks to 20 minutes. I understand, Your Honor. But I thought it was touching on the issue of the credibility of evidence. And so if I'm expansive, it's because there's nothing in the record that we can direct ourselves to. And that's why all my arguments seem so expansive, because really, all the concerns that exist with evidence, which is the perception of someone, the narrative, the sincerity, the memory, all of that, really can't be dealt with here because of the insufficiency of the record. And that's why many of my arguments seem broad, because quite frankly, the submissions are general in the theory. So I will just leave it at that. Okay. Thank you, Mr. Karras. Thank you, Mr. Mickel. We shall decide on the record.